IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>KEVIN WHITE,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 4:20-cr-00063-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release under 18 U.S.C. § 3582(c). ("Motion").[1] The government opposes the Motion.[2] Neither Defendant nor his court-appointed counsel replied to the government's opposition. The United States Probation Office filed a report.[3] Because Defendant fails to show extraordinary and compelling reasons to warrant a sentence reduction, and the applicable factors in 18 U.S.C. § 3553(a) do not support a sentence reduction, the Motion is DENIED.

## DISCUSSION

The Tenth Circuit has endorsed a three-part test a district court should use when considering motions filed under 18 U.S.C. § 3582(c).[4] First, a court must find whether extraordinary and compelling reasons warrant a sentence reduction.[5] Second, a court must find

---

[1] Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (*Pro Se* Prisoner) ("Motion"), docket no. 50, filed August 3, 2021.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 53, filed August 11, 2021.

[3] First Step Act Relief Eligibility Report, docket no. 55, filed September 2, 2021.

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021).

[5] *Id*.

whether such a reduction is consistent with any applicable policy statements issued by the United States Sentencing Commission ("USSC").[6] Third, a court must consider any applicable factors under 18 U.S.C. § 3553(a) and determine if a reduction in sentence is warranted under the particular circumstances of the case.[7]

## The Motion is Procedurally Proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[8] To file a motion for compassionate release with a federal court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[9] A defendant has the burden of showing that extraordinary and compelling reasons warrant a sentence reduction.[10]

Defendant filed a request for compassionate release to the Warden of FCI Victorville on January 5, 2021.[11] The request was denied by the Warden on May 8, 2021.[12] The Motion was mailed from FCI Victorville on July 23, 2021,[13] and docketed on August 3, 2021.[14] Therefore, the Motion is procedurally proper, and its merits may be addressed.[15]

---

[6] *Id.*

[7] *Id.*

[8] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *United States v. Billings*, No. 19-CR-00099-REB, 2020 WL 4705285, at *2 (D. Colo. Aug. 13, 2020).

[11] Letter, docket no. 50-1, at 1.

[12] Appendix of Documents, docket no. 50-2, at 5.

[13] Envelope, docket no. 50-3.

[14] Motion.

[15] 18 U.S.C. § 3582(c)(1)(A).

## Defendant Fails to Demonstrate Extraordinary and Compelling Reasons to Warrant Compassionate Release

The phrase "extraordinary and compelling reasons" is not defined in 18 U.S.C. § 3582(c). The USSC has issued a policy statement which defined the phrase "'extraordinary and compelling reasons' to include serious medical conditions and the age of the defendant,"[16] as well as circumstances where a defendant's spouse is incapacitated and the defendant would be the only available caregiver.[17] However, the Tenth Circuit recently held that "the existing policy statement [issued by the USSC] is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[18] Because the Motion was filed by Defendant, the policy statement is inapplicable, and district court possess "the authority to exercise [their] independent discretion to define the term 'extraordinary and compelling reasons.'"[19] However, the policy statement's definition of the phrase provides a "persuasive, albeit not controlling, illustration of extraordinary and compelling reasons that warrant a reduction in sentence —e.g., the defendant's terminal illness, advanced age, debilitating medical condition, or the death or incapacitation of the sole caregiver for the defendant's minor children."[20]

Defendant requests compassionate release, claiming he is suffering from Human Immunodeficiency Virus ("HIV") infection, alongside "numerous other life threatening illnesses," including hypertension, glaucoma, hyperlipidemia, and heart attacks, and is concerned

---

[16] *Williams*, 2020 WL 806026, at *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[17] *United States v. Quintana*, No. 17-CR-20043-02-JAR, 2020 WL 6483151, at *3 (D. Kan. Nov. 4, 2020), reconsideration denied, No. 17-CR-20043-02-JAR, 2021 WL 147987 (D. Kan. Jan. 15, 2021).

[18] *McGee*, 992 F.3d at 1050.

[19] *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

[20] *United States v. Blair*, No. 17-CR-00079-CMA, 2021 WL 2375872, at *1 (D. Colo. June 10, 2021).

about the risk of infection with COVID-19.[21] He also requests compassionate release because his wife is in need of 24-hour care.[22] A review of his medical records reveal that most of these conditions have been managed and treated while he is in prison.[23] His HIV infection status is currently asymptomatic, and his lab reports from July 2021 reveal no active viral load.[24]

While prisons often involve a higher risk of COVID-19 transmission, there is only one confirmed case of COVID-19 currently active at F.C.I. Victorville, where Defendant is incarcerated, and none among inmates.[25] Even with the increased risk of transmission of COVID-19 in prisons, a single case by a staff member does not appear to present a significantly heightened risk of exposure.

Additionally, Defendant has received two doses of a COVID-19 vaccine.[26] Vaccines are widely available, safe, and incredibly effective at preventing death or serious illness from COVID-19.[27] While the CDC lists HIV and hypertension as potential risk factors for severe illness resulting from COVID-19,[28] "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release."[29] Defendant also reported contracting COVID-19 in

---

[21] Motion at 5.

[22] *Id.* at 6.

[23] Medical Records, docket no. 54-1, filed under seal August 11, 2021, at 15-17, 46-49, 102-104, 117-117.

[24] *Id.* at 45, 128-29.

[25] https://www.bop.gov/coronavirus/ (last visited November 18, 2021).

[26] Medical Records at 112.

[27] CDC, "Benefits of Getting a COVID-19 Vaccine," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited November 18, 2021)

[28] CDC, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 19, 2021)

[29] *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

June 2020 and has since apparently recovered.[30] Such a recovery weighs against a conclusion that a future infection from COVID-19 will lead to a life-threatening illness.[31] Even considering Defendant's history of HIV and other medical conditions, Defendant's vaccination status and past recovery from COVID-19 weigh against finding his medical conditions create extraordinary and compelling reasons.[32]

The combination of the low levels of COVID-19 currently present at FCI Victorville, Defendant's past infection with COVID-19, and Defendant's vaccination status leads to the conclusion that Defendant has not shown his medical concerns rise to the level of extraordinary and compelling reasons to justify a sentence reduction.

Defendant asks additionally that he be granted compassionate release because his wife requires 24-hour care. Defendant does not provide any more information surrounding his wife, but rather references a letter that was "sent by her Doctor at the VA to Judge David Nuffer" in a motion he filed in January 2021.[33] After a review of the docket and the documents both parties submitted concerning this Motion, no such letter has been found. Therefore, the only information available is that contained in Defendant's Motion; namely that Defendant's wife is in need of 24-hour care. The USSC's persuasive policy statement defines "extraordinary and compelling reasons" to include circumstances such as "[t]he incapacitation of the defendant's spouse or registered partner when the defendant *would be the only available caregiver* for the spouse or registered partner." [34] Defendant has not identified if his wife's "24 hour care" requirement rises

---

[30] Medical Records at 22, 121.

[31] *United States v. Hald*, 8 F.4th 932, 939 n.5 (10th Cir. 2021).

[32] *See United States v. Howard*, No. 3:20-CR-14-HES-MCR, 2021 WL 4593858, at *2-3 (M.D. Fla. Oct. 6, 2021).

[33] Motion at 6.

[34] U.S.S.G. 1B1.13 at Commentary Application Notes 1(C)(ii) (emphasis added).

to the level of incapacitation, and more importantly, whether there is any other available caregiver for her.[35] Therefore, Defendant's claims surrounding his family situation do not rise to the level of compelling and extraordinary reasons to justify release.

### The Relevant Factors Set Forth in 18 U.S.C. § 3553(A) Do Not Support Release

Even if Defendant had shown compelling and extraordinary reasons to justify early release, consideration of the relevant factors set forth in 18 U.S.C. § 3553(a) heavily weigh against granting Defendant compassionate release. Defendant was convicted for a Hobbs Act robbery.[36] The conviction arose out of Defendant's robbery of a jewelry store in 2019. During the robbery, Defendant brandished a gun at the store clerks and threatened to kill them before seizing almost $40,000 in jewelry and fleeing.[37] Defendant has an extensive criminal history, including convictions for felony burglary, attempted sale of controlled substance, and larceny.[38] Defendant also has committed similar offenses to the one he is currently incarcerated for; in 1999 and again in 2006, Defendant was arrested and convicted for robbing jewelry stores.[39] In fact, the robbery he is currently incarcerated for was committed while he was on supervised release for the 2006 robbery.[40] Defendant was sentenced to 100 months of imprisonment and 36 months of supervised release.[41] At the time of this ruling, he has served approximately 19 percent, or 19 out of 100 months, of his total imposed sentence.[42]

---

[35] *See Quintana*, 2020 WL 6483151 at *3.

[36] Presentence Investigation Report, docket no. 55-2, at 1.

[37] *Id.* at 5-6.

[38] *Id.* at 12-14.

[39] *Id.* at 14-16.

[40] First Step Act Relief Eligibility Report at 5.

[41] Judgment, docket no. 48.

[42] First Step Act Relief Eligibility Report at 3

The serious nature and circumstances of Defendant's offense, Defendant's history of criminal conduct, and the appropriateness of the original sentence all weigh against granting his motion. Defendant has therefore failed to show that he is entitled to compassionate release.

### Jurisdiction is lacking over Defendant's request for home confinement

To the extent Defendant requests home confinement,[43] the authority to designate the place of an inmate's incarceration rests with the BOP, not the sentencing court.[44] "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[45] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the BOP] is not reviewable by any court."[46] Therefore, jurisdiction is lacking over Defendant's request for home confinement.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[47] is DENIED.

Signed November 29, 2021.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[43] Motion at 6.

[44] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[45] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[46] 18 U.S.C. § 3621(b).

[47] Docket no. 50, filed August 3, 2021.